IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAVID JACKSON**                                                            **PETITIONER**

v.                                          CIVIL ACTION NO. 3:14CV198-TSL-JCG

**THE STATE OF MISSISSIPPI, ET AL.**                              **RESPONDENTS**

### REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the Application of David Jackson ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed March 10, 2014. The State of Mississippi and Department of Corrections Commissioner Christopher Epps ["Respondents"] filed a Response [6] to the instant Petition, Jackson filed a Traverse [11], and the Respondents filed a Rebuttal [12]. Having considered the submissions, records on file, the arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

### BACKGROUND

Jackson was indicted in Hinds County, Mississippi, for the felonious breaking and entering of a dwelling house with the intent to take, steal, or carry away the property of the homeowner in violation of Mississippi Code Section 97-17-23. After a jury trial, Jackson was found guilty of house burglary. He was sentenced by the trial judge as a habitual offender to twenty-five years in the custody of the Mississippi Department of Corrections. Jackson appealed his conviction on three grounds: (1) that the evidence was insufficient to sustain his conviction, specifically

that the State failed to establish Jackson's intent to commit the crime of larceny once inside the house; (2) that the trial court erred in refusing to give Jackson's proffered jury instruction for the lesser-included offense of trespass; and (3) that the trial court erred in denying Jackson's Motion for a Directed Verdict and his Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for a New Trial.

The Mississippi Supreme Court described the evidence presented by the prosecution through ten witnesses and thirty exhibits. *Jackson v. State*, 90 So. 3d 597 (Miss. 2012). Briefly, Hinds County Sheriff's Office deputies responded to a house alarm in a wooded area owned by former Senator Lott. The deputies noticed a blue SUV parked at the side of the road, which the deputies found unusual since the Lotts owned both sides of the road. Two men who had been cutting trees on the property approached the deputies and told them that the back door of the house had been kicked in. One of the men reported seeing a man running across the road and into the woods. Jackson was apprehended when he crossed the road. His condition was reported to be sweaty, with leaves from the woods on his person and several scratches on his skin. The blue SUV parked at the side of the road belonged to Jackson. The back door to the house had been kicked in leaving marks that matched the size, design and degree of wear of the soles of the shoes worn by Jackson. Items in the home had been disturbed, although nothing was found missing.

The Mississippi Supreme Court denied Jackson's claims for relief and affirmed his conviction and sentence. *Id.* at 607-08. Jackson then filed an

Application for Leave to File Motion for Post-Conviction Relief. (S.R. Attach. 6, ECF No. 7-6 at 9). He presented two grounds for post-conviction relief. First, the trial court violated Jackson's constitutional rights by failing to follow the procedures outlined by Mississippi Uniform Rule of Circuit and County Court 8.05 and *Faretta v. California*, 422 U.S. 806 (1975), when notified that Jackson wished to represent himself. Second, appellate counsel was ineffective for failing to raise the issue of an improper jury instruction regarding flight. The Mississippi Supreme Court denied the Application in an Order entered March 5, 2014 (S.R. Attach. 6, ECF No. 7-6 at 2). Jackson has now presented the same two grounds for habeas relief to this Court.

## DISCUSSION

<u>The Standard of Review</u>

Under the Antiterrorism and Effective Death Penalty Act [AEDPA], where the issues were previously decided in the state court on the merits, that adjudication is entitled to deference. *Amos v. Thornton,* 646 F.3d 199, 204 (5th Cir. 2011). The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The Court may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips,* 455 U.S. 209, 221 (1981); *Engle v. Isaac,* 456 U.S. 107, 121 n.21 (1982). Habeas review of the issues presented in Carter's petition is barred unless the Court determines that the state court's decisions were "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by

the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Under the "contrary to" test of the AEDPA, a federal court may grant a writ of habeas corpus, with respect to claims adjudicated on the merits in state court, only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 402-03 (2000). Additionally, under the "unreasonable application" standard of review of a state court decision, federal courts should inquire whether the state court's application of clearly established federal law was *objectively* unreasonable. *Tucker v. Johnson,* 242 F.3d 617, 620-21 (5th Cir. 2001). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Court considers all evidence in the light most favorable to the prosecution, while referring to the substantive elements of the criminal offense as defined by state law. *Weeks v. Scott,* 55 F.3d 1059, 1062 (5th Cir. 1995).

Right to Self-Representation

Jackson claims that he was denied the right to represent himself when he wished to accept a plea bargain without the assistance of counsel. The Mississippi Supreme Court reviewed the same arguments Jackson presents here and denied post-conviction review, holding that "Jackson has failed to make a substantial

showing that he has been denied a state or federal right."[1] (Resp. Ex. B, ECF No. 6-2). To the extent that Jackson contends that the trial court failed to follow the procedure of Mississippi Uniform Rule of Circuit and County Court 8.05, his claim concerns application of state law, which is not cognizable on federal habeas review.

However, as Jackson notes, his right to self-representation is constitutionally guaranteed. In *Faretta*, the United States Supreme Court set out the contours of this Sixth Amendment right, holding that a criminal defendant has a right to self-representation at trial when he knowingly and intelligently waives the right to counsel. *Faretta*, 422 U.S. at 807. "The defendant's waiver of his right to counsel must be unequivocal, and it should not be inferred by the court in the absence of a clear and knowing election." *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013) (citation omitted). Even after asserting his *Faretta* rights, a defendant may nevertheless waive them by "acquiescing in certain types of participation by counsel." *United States v. Long*, 597 F.3d 720, 728 (5th Cir. 2010) (citation omitted). "'[O]nce a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced. . . .'" *Id.* (quoting *Lefevre v. Cain,* 586 F.3d 349, 355-56 (5th Cir. 2009)).

---

[1] Despite the brevity of the state court's ruling, it is an adjudication on the merits entitled to this Court's deference. *Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013).

According to Jackson's affidavit, he and his retained attorney Aafram Sellers agreed to part ways in May 2010. (Pet. Verification 1 (¶1), ECF No. 5-1). Sellers filed a motion to withdraw as counsel on May 24, 2010, stating that Jackson had rejected three plea offers from the prosecution and wished to proceed to trial, but "continuously questioned the adequacy of Attorney Sellers' representation of him and has made it known that he is seeking new counsel." (S.R. Attach. 1 at 9, ECF No. 7-1).

The motion to withdraw had not been granted by the time Jackson says he was next present at court, in June 2010. (Pet. Verification 1 (¶2), ECF No. 5-1). Jackson states that on that occasion, he and the prosecutor agreed to a plea bargain, but when Jackson appeared before the judge without Sellers, the judge would not accept Jackson's guilty plea. "Even though I told Judge Yerger I would represent myself, he refused to allow me to plead guilty that day since I had no attorney." (*Id.* (¶3)). Jackson "told Judge Yerger that I did not have quite enough money to hire another attorney at that time. Judge Yerger told me that he had Mr. Sellers' motion to withdraw in front of him and that he had not granted it yet."[2] (*Id.* (¶4)).

Jackson then told Sellers about the plea offer and paid Sellers to represent him in the plea bargain. (*Id.* at 2(¶5)). However, when Jackson had his next court appearance, he learned from Sellers that the prosecution was going back to its

---

[2] The state court record does not include a transcript of this hearing.

original offer, which Jackson rejected again. (*Id.*). Jackson "ended up going to trial with Mr. Sellers representing me even though I did not wish for him to represent me at trial." (*Id.*).

The Court's review of this claim shows that the Mississippi Supreme Court's conclusion that Jackson had not stated a constitutional violation was a reasonable application of federal law. Assuming that Jackson requested that he be allowed to represent himself in order to plead guilty, he indicated at the same time that he wished to retain new counsel by stating that he did not have quite enough money to hire new counsel at that time. Sellers' motion to withdraw as counsel also indicated that Jackson intended to hire new counsel, not proceed *pro se*. This is not the unequivocal waiver required by *Faretta*. Furthermore, Jackson continued to retain Sellers to represent him, and Sellers continued his representation through the appeal of Jackson's conviction and sentence. Under these circumstances, federal law would find that Jackson had waived his *Faretta* rights by not just acquiescing in, but actually soliciting Sellers' participation in the remainder of the case. Accordingly, the Court recommends that Jackson's claim that his right to self-representation was violated should be dismissed.

Ineffective Assistance of Appellate Counsel

Jackson contends that Sellers provided ineffective assistance on appeal because he did not challenge the court's flight instruction to the jury. In its order denying Jackson's application for leave to file a motion for post-conviction relief, the Mississippi Supreme Court held that "Jackson's claim of ineffective assistance of

-7-

counsel fails to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." (Resp. Ex. B, ECF No. 6-2). Because the Mississippi Supreme Court considered Jackson's ineffective assistance of counsel claim, the question for this Court becomes whether that court's application of the *Strickland* standard was unreasonable. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* Federal courts must deny habeas relief if there was a reasonable justification for the state court's decision. *Higgins v. Cain*, 720 F.3d 255, 265 (5th Cir. 2013).

The Court finds that a reasonable justification exists for the state court's decision. Under well-established principles, appellate counsel need not "raise every nonfrivolous ground of appeal available" in order to be effective. *Id.* Appellate counsel has broad discretion in determining which issues are more likely to be successful on appeal. *Jones v. Barnes,* 463 U.S. 745, 751 (1985). "[I]t is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.")).

In Mississippi, the flight instruction may be given when there is unexplained

flight, and "where that circumstance has considerable probative value." *McTiller v. State*, 113 So. 3d 1284, 1289 (Miss. Ct. App. 2013). Both factors existed in Jackson's case, making the flight instruction appropriate. Appellate counsel's performance was not deficient for failing to object to the instruction on appeal. In addition to the lack of merit to Jackson's objection to the flight instruction, he also fails to show that the issue would have been a stronger argument on appeal than the issues appellate counsel chose to present. *See United States v. Williams*, 476 F. App'x 1, 2 (5th Cir. 2012) (appellate counsel's performance not deficient because petitioner did not demonstrate the issue he sought to pursue was clearly stronger than the issue counsel pursued on direct appeal). Accordingly, the Mississippi Supreme Court's conclusion that appellate counsel's performance was not deficient was a reasonable application of federal law as established by the United States Supreme Court in *Strickland*. Habeas review of Jackson's second ground for relief is therefore barred under 28 U.S.C. § 2254(d)(1), and the Court recommends dismissal.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Petitioner's Application for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, be denied and this case dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of*

*Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it.  Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED**, this the 16th day of December, 2015.

                                                   *s/ John C. Gargiulo*
                                                 JOHN C. GARGIULO
                                                 UNITED STATES MAGISTRATE JUDGE